(102 App. Div. 18.)

## McLEAN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 17, 1905.)

**1. STREET RAILWAYS—REFUSAL TO TRANSFER—STATUTORY PENALTY.**

Defendant operated two intersecting street car lines within the limits of New York City. Plaintiff, a passenger on one of these lines, demanded a transfer, which the conductor refused to issue. Plaintiff, after repeating his demand, left the car, boarded an intersecting car, and explained the situation to the conductor on that car. The latter conductor refused to carry plaintiff unless he paid an extra fare, which he did. *Held,* that plaintiff was entitled to the penalty prescribed by Railroad Law, § 104 (Heydecker's Gen. Laws, p. 3320, c. 39), for the refusal of a street railroad to issue a continuous trip transfer to a passenger.

**2. SAME—CUMULATIVE PENALTIES.**

The penalties prescribed by Railroad Law, § 104 (Heydecker's Gen. Laws, p. 3320, c. 39), for the refusal by a street railroad of a transfer to a passenger, are not cumulative, but only one penalty can be recovered in a single action, and the commencement of such action is a waiver of all penalties previously incurred.

Appeal from Appellate Term.

Action by John C. McLean against the Interurban Street Railway Company. From a determination of the Appellate Term (87 N. Y. Supp. 135) affirming a Municipal Court judgment for plaintiff, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph P. Cotton, Jr., for appellant.
J. Aspinwall Hodge, for respondent.

O'BRIEN, J. This action is brought to recover four penalties claimed by the plaintiff to have been incurred by the defendant through its refusal to transfer him, while a passenger upon its railway system, from one of its lines to another, as required by section 104 of the railroad law (chapter 39, p. 3320, Heydecker's Gen. Laws).

Upon the trial, and under his first cause of action, the plaintiff testified that on July 30, 1903, he left his office in the southern part of New York, and boarded a surface car upon the Eighth avenue line of defendant's system, intending to make a continuous trip over that line and over the Third avenue line, which was also controlled and operated by the defendant, to his home in the northern part of the city; that after he had boarded the car, and when he paid his fare, he asked the conductor for a transfer at the corner of Eighth avenue and 125th street, where the two lines intersected; that the conductor refused to issue such transfer to him at that time, and again refused to do so in answer to his second demand, when the car reached the point of intersection referred to; that plaintiff then got off the Eighth avenue car, boarded one of the Third avenue line going in the direction of his home, stated the situation to the conductor of that car, who refused to carry him further unless he paid an extra fare, which he thereupon did. All of this testimony was uncontradicted, and the defendant by its answer admits that at the time the transfer was refused it controlled,

operated, and managed both of the intersecting lines, which were wholly within the limits of the city of New York.

Upon these facts the plaintiff was entitled to recover the penalty of $50 prescribed by section 104 of the railroad law. That question need not be discussed, as it has recently been decided by the Court of Appeals in the case of Griffin v. Interurban Street Ry. Co., 179 N. Y. 438, 72 N. E. 513. See, also, O'Reilly v. Brooklyn Heights Ry. Co., 179 N. Y. 450, 72 N. E. 517.

It was further held in the Griffin Case, supra, that the penalties provided for in section 104 for every refusal to comply with its requirements are not cumulative, and only one penalty can be recovered in a single action, and that the commencement of the action is to be regarded as a waiver of all previous penalties incurred. Under this decision, it follows that the plaintiff herein could only recover a single penalty, and therefore it is unnecessary to consider or pass upon the evidence showing other violations by the defendant of section 104.

The judgment appealed from must be modified by reducing it to the sum of $69.31, including interest, costs, etc., and, as thus modified, the judgment is affirmed, without costs. All concur.