(51 Misc. Rep. 673.)

FERGUSON v. BIEN et al.

(Supreme Court, Appellate Term. November 14, 1906.)

USURY—NOTES—INNOCENT HOLDER.

A note in the hands of one receiving no bonus, nor knowing, nor chargeable with knowledge, of the taking of a bonus, is not tainted with usury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Usury, §§ 168, 364.]

Appeal from City Court of New York, Special Term.

Action by Julius M. Ferguson against Franklin Bien and another. From a judgment of the City Court for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Franklin Bien, for appellant Nellis.

William Klein, for appellant Bien.

Ferguson & Ferguson, for respondent.

PER CURIAM. If the defendants were not entitled to have the question of usury decided by the jury, the judgment must be affirmed; for that is the only question the defendants asked the court to submit to the jury. There was no evidence that the plaintiff received the bonus, or knew of or was chargeable with knowledge of the taking of the bonus; and therefore the note in the plaintiff's hands was not tainted with usury. See Lee v. Chadsey, 3 Abb. Dec. 43.

The judgment must be affirmed, with costs.

---

(51 Misc. Rep. 671.)

HENNION v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 14, 1906.)

CARRIERS—UNAUTHORIZED CHARGES—PENALTY—REFUSAL OF TRANSFER.

Under Railroad Law, Laws 1890, p. 1096, c. 565, § 39, and Id. pp. 1113, 1114, §§ 101, 104, as amended by Laws 1892, pp. 1405, 1406, c. 676, imposing on every street railroad a penalty for charging excessive fares, and for a refusal to give a transfer to a passenger desiring to make one continuous trip between two points, on its line, a bona fide passenger, desiring to make one continuous trip between two points, may recover the penalty for a refusal to give a transfer, though it be conceded that one of the purposes of the passenger in taking the trip was to ride to enforce the law in case he was refused a transfer.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by John A. Hennion against the New York City Railway Company. From a judgment in favor of plaintiff, rendered in the Municipal Court, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Frank· D. Wynn, for appellant.

E. V. R. Ketchum, for respondent.

PER CURIAM. This action was to recover a penalty for the alleged refusal to give a transfer from one car to another car on the lines

of the defendant, appellant. When the plaintiff rested, the defendant moved to dismiss the complaint upon the ground that the plaintiff failed to prove the case under sections 39, 101, and 104 of the Railroad Law (Laws 1890, pp. 1096, 1113, 1114, c. 565). "The Court: In what respects do you claim that he has failed to make out a case? Defendant's Attorney: Upon the ground that he was not a bona fide passenger within the meaning of that act." The defendant offered no testimony. Briefs were submitted, and judgment rendered in favor of the plaintiff.

There is some evidence tending to show that the plaintiff was a passenger desiring to make one continuous trip between two points on defendant's line. The admission by plaintiff upon the trial did not go farther than concede "that one of the purposes of the plaintiff in taking the trip was to ride to enforce the law, in case he was refused a transfer." The grounds of the decision are not stated in the record. It may very well be that the trial court found, as a matter of fact, that the plaintiff was a bona fide passenger desiring to make one continuous trip between two points of defendant's line. This case, therefore, does not necessarily turn upon the motive of plaintiff in boarding defendant's car. We agree with the learned counsel for the appellant that a construction of the language used in section 104 of the railroad law, as amended by chapter 676, p. 1406, Laws of 1892, as follows: "Any passenger desiring to make one continuous trip between two such points"—by the appellate courts in this department, is very desirable. It should be done, however, in a case where it is conceded, or clearly appears, that the plaintiff was riding for the sole purpose of laying the foundation for a cause of action to recover the penalty under the statute. It was hoped that the Appellate Division would dispose of this question in McLean v. Int. St. Ry. Co. (Sup.) 87 N. Y. Supp. 135; but the judgment therein was modified, and the question of good faith was not passed upon. The somewhat confused state of the law on the question under consideration, as now gathered from the Fisher Case, 46 N. Y. 644, the Topham Case (Sup.) 86 N. Y. Supp. 295, the McLean Case (Sup.) 87 N. Y. Supp. 135; the Fitzmartin Case (Sup.) 99 N. Y. Supp. 765, and the Myers Case, 10 App. Div. 335, 41 N. Y. Supp. 798, can then be cleared up.

The judgment herein must be affirmed, with costs to the respondent.

GILDERSLEEVE, J., concurs. DOWLING, J., concurs in result. DUGRO, J., taking no part.